## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **LAURA D. BODE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No. 1:14-cv-1831-WTL-MJD** |
| | ) | |
| **CAROLYN W. COLVIN, Acting** | ) | |
| **Commissioner of the Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ENTRY ON JUDICIAL REVIEW

Plaintiff Laura D. Bode requests judicial review of the final decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), denying her applications for Supplemental Social Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Social Security Act (the "Act"). The Court rules as follows.

### I.  PROCEDURAL HISTORY

Bode filed applications for SSI and DIB on February 25, 2013, alleging disability beginning February 1, 2013, due to depression, anxiety, and personality disorders. Bode's application was initially denied on May 8, 2013, and again upon reconsideration on August 8, 2013. Thereafter, Bode requested a hearing before an Administrative Law Judge ("ALJ"). Bode appeared before ALJ Blanca B. de la Torre on April 30, 2014. During that hearing, James Brooks, Ph.D., and Gail Franklin testified as a psychological expert and vocational expert ("VE"), respectively. On May 29, 2014, the ALJ issued a decision denying Bode's application

for benefits. On September 8, 2014, the Appeals Council denied Bode's request for review. This action for judicial review ensued.

## II.  <u>EVIDENCE OF RECORD</u>

The evidence of record is aptly set forth in ALJ de la Torre's decision. Specific facts are set forth in the discussion section below where relevant.

## III.  <u>APPLICABLE STANDARD</u>

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 404.1520(b).[1] At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of

---

[1]The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to DIB sections only.

Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

On review of the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). The ALJ is required to articulate only a minimal, but legitimate, justification for her acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). The ALJ must articulate her analysis of the evidence in her decision; while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into [her] reasoning . . . [and] build an accurate and logical bridge from the evidence to [her] conclusion." *Id.*

## IV.  THE ALJ'S DECISION

At step one, the ALJ found that Bode had not engaged in substantial gainful activity since February 1, 2013, her alleged onset date. At step two, the ALJ concluded that Bode suffered from the following severe impairments: depressive disorder not otherwise specified; anxiety

disorder not otherwise specified; and personality disorder traits. At step three, the ALJ

determined that Bode's severe impairments did not meet or medically equal the severity of a

listed impairment. Before considering step four, the ALJ concluded that Bode had the residual

functional capacity ("RFC") to perform:

> A full range of work at all exertional levels, but she has
> nonexertional limitations. She cannot work on ladders, ropers [sic],
> or scaffolds, at any other unprotected heights, or around dangerous
> machinery. She is able to understand, remember, and carry out
> short, simple, and repetitive instructions. She is able to sustain
> attention and concentration for two-hour periods at a time, for
> eight hours in the workday on short, simple, and repetitive tasks.
> She can use judgment in making work-related decisions
> commensurate with the type of work above. The claimant requires
> an occupation with set routine and procedures, few changes during
> the workday, only occasional coworker contact and supervision,
> and only superficial contact with the public on routine matters.

Tr. at 19. Based on this RFC, the ALJ found at step four that Bode was capable of performing

her past relevant work as a housekeeper, which in itself would direct a finding of not disabled. At

step 5, the ALJ made alternative findings that Bode could perform other jobs existing in

significant numbers in the national economy, such as: mail room clerk, small product assembler,

and hand packager. Accordingly, the ALJ concluded that Bode was not disabled as defined by

the Act from February 1, 2013, through the date of her decision.

## V. <u>DISCUSSION</u>

Bode challenges ALJ de la Torre's decision based on her alleged failure "to address any

difficulties Bode has with panic attacks and crying spells, leading to a need for extra breaks as

testified to by the medical expert, both in the decision and in hypothetical questions to the

vocational expert or in the adopted residual functional capacity." Dkt. No. 14 at 8.   This

argument is based on Bode's testimony about her symptoms and the medical expert's affirmative

answer to counsel's question of whether it was "plausible that she could need unscheduled

breaks in order to manage anxiety or depression symptoms such as a panic attack or a crying spell." Record at 64. However, this answer was clearly based solely on Bode's own testimony; the expert noted that "[f]rom the record with the information that I reviewed I can't see a lot of information about that in the record," and in response to the ALJ's questioning made it clear that there was no evidence in the record outside of Bode's own testimony that "would suggest that she needs unscheduled breaks." *Id.* at 64-65. In response to further questioning by counsel, the expert noted "there's no significant evidence in the record as I see it of major cognitive impairment or functioning because emotions, if they're going to have a major impact . . . they would interfere with the ability to think and to remember and to concentrate and to stay focused . . . and I don't see evidence of that in the record." *Id.* at 66.

The ALJ acknowledged Bode's testimony that she "suffers panic attacks every two days; she lies down, pets the dog or cat and the symptoms subside in about one hour." *Id.* at 20. She also acknowledged Bode's report of crying spells to various mental healthcare providers and examiners. *Id.* at 20-21. However, the ALJ did not find Bode's allegations of her symptoms entirely credible. In making this determination, the ALJ was required to—and did—" consider several factors, including the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, treatment, and limitations," *see* 20 C.F.R. ▪ 404.1529(c); S.S.R. 96-7p, finding as follows:

> Turning to the claimant's credibility, I find that there are inconsistencies in regards to her allegations of severe symptoms and the record as a whole. As to activities of daily living, the claimant reported that she lived with her husband. In describing a typical day, she stated that she ate breakfast, cleaned, did the laundry, took care of the pets, and ran errands. She noted no problem with personal care. She acknowledged being able to perform normal household chores, but stated that she sometimes needed encouragement or reminders. Overall the claimant reported activities are varied and of good quality. These are confirmed in other reports.

*Id.* at 23.  She also noted that Bode denied any side effects from her medication and reported that they were "at least somewhat effective"; in addition, she had benefited from group and individual therapy.  With regard to precipitating and aggravating factors, she noted that "the record demonstrates that the claimant's symptoms increased following stressful events," which she accounted for in her RFC finding by limiting her to "an occupation with simple duties, set routines and procedures and limited social contact."  *Id.* at 24.  She noted that Bode "stated that her symptoms prevented her from focusing and communicating," but noted that while Bode "struggled somewhat with cognitive tasks" during multiple tasks, she "was still assigned fairly normal GAF scores" and "[h]er lowest GAF score of record indicated that she only had moderate difficulties in functioning."  *Id.*  Finally, she noted that a formal intelligence test had placed Bode in the "extremely low" range of intellectual ability, but that this contradicted all of the other evidence of record, including the language skills exhibited by Bode at the hearing, an observation the Court agrees with.

As the Seventh Circuit has held repeatedly, "'[b]ecause the ALJ is in the best position to determine a witness's truthfulness and forthrightness,' we will overturn an ALJ's credibility determination only if it is 'patently wrong.'" *Stepp v. Colvin*, 795 F.3d 711, 720 (7th Cir. 2015) (quoting *Shideler v. Astrue,* 688 F.3d 306, 310–11 (7th Cir. 2012)).  The ALJ's analysis in this case, including her credibility determination, was both thorough and entirely consistent with the record as a whole.  The Court therefore does not find her credibility determination to be patently wrong.  It also was not error for the ALJ not to consider the expert's testimony that the need for unscheduled breaks was "plausible," because that testimony was expressly based solely on Bode's own testimony, which the ALJ found not to be fully credible.

## VI.  <u>CONCLUSION</u>

For the foregoing reasons, the decision of the Commissioner is **AFFIRMED**.

SO ORDERED:  1/7/16


Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


Copies to all counsel of record via electronic notification